IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PARKER | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv714 |
| JOSEPH SMITH | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Parker, an inmate at the Stiles Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections are without merit. Petitioner's petition fails to raise a ground for review warranting relief. The charges against petitioner are supported by sufficient evidence. Further, because there is no right to counsel in prison disciplinary hearings, petitioner's claim that counsel was ineffective is without merit. *See Enriquez*

*v. Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (when no right to counsel exists, one cannot be deprived of the effective assistance of counsel).

Alternatively, the petition should be dismissed for failing to exhaust available administrative remedies. A federal court may not grant habeas relief to a petitioner who has failed to exhaust all administrative remedies. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980); *Rourke v. Thompson*, 11 F.3d 47, 49 at n.6 (5th Cir. 1993). A review of the petition reveals that petitioner did not present his claim that his counsel substitute did not properly investigate the case in the grievances filed concerning the disciplinary conviction at issue in this petition.

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)-(c). A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir.1980), *cert. denied*, 449 U.S. 1085 (1981); *Rourke v. Thompson*, 11 F.3d 47, 49, n. 6 (5th Cir.1993); *Gartrell v. Gaylor*, 981 F.2d 254, 258, n. 3 (5th Cir.1993). TDCJ's rules for offenders provide that disciplinary decisions may be appealed by filing a grievance. *See Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex.1996). If not then satisfied, the offender may file a Step two grievance for appeal purposes. *Giddings v. Smith,* 2006 WL 27200 at *2 (E.D.Tex. Jan. 4, 2006); *see also Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir.2004).

A district court must dismiss habeas petitions containing both unexhausted and exhausted claims. *Pliler v. Ford*, 124 S.Ct. 2441, 2444-45 (2004); *Moffatt v. Director, TDCJ-CID*, 390 F.Supp.2d 560, 562 (E.D. Tex. 2005). In a federal habeas petition challenging both exhausted and

unexhausted claims based on a disciplinary proceeding, the unexhausted claims are procedurally barred, absent a showing of cause and prejudice for failure to exhaust.  *Moffatt*, 390 F.Supp.2d at 562-63.  Petitioner has made no showing of cause and prejudice for failure to exhaust.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed.  A Final Judgment shall be entered in accordance with this Memorandum Opinion.

So **ORDERED** and **SIGNED** this **25** day of **September, 2006.**

_____
Ron Clark, United States District Judge